# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 16-23V
### Filed: November 1, 2016

* * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| SARAH VOLPI | * | UNPUBLISHED |
| | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| v. | * | Dismissal; Influenza; |
| | * | Post-Vaccination Myelitis. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * *

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner.
Jason C. Bougere, United States Department of Justice, Washington, DC for Respondent.

### DECISION[1]

On January 6, 2016, Petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that an influenza vaccination received on January 8, 2013 caused her to suffer post-vaccination myelitis. The information in the record, however, does not show entitlement to an award under the Program.

On October 31, 2016, Petitioner moved for a decision dismissing this petition, stating that after "[a]n investigation of the facts and science supporting this case has demonstrated to Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Unopposed Motion Dismissing the Petition ("Motion") at ¶ 1, filed Oct. 31, 2016. Petitioner filed this motion without opposition from Respondent. *Id.* at ¶ 4.

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that her alleged injury was caused by the influenza vaccination.

Under the Act, Petitioner may not be given a Program award based solely on the Petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because the medical records are insufficient to prove Petitioner's claim and she has not filed a supportive opinion from an expert witness this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master