# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-23V
Filed: May 2, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * *  <br>SARAH VOLPI,  <br><br>Petitioner,  <br><br>v.  <br><br>SECRETARY OF HEALTH  <br>AND HUMAN SERVICES,  <br><br>Respondent.  <br>* * * * * * * * * * * * * * * * * * * * | Special Master Sanders  <br><br>Attorneys' Fees and Costs; Reasonable Amount Requested. |

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner.
Jason C. Bougere, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On January 6, 2016, Sarah Volpi ("Petitioner") petitioned for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that the administration of an influenza vaccine on January 8, 2013 caused her to suffer post-vaccination myelitis. Petition at Preamble, filed Jan. 6, 2016. On November 1, 2016, Special Master Hamilton-Fieldman issued a decision dismissing the petition for insufficient proof. Decision, ECF No. 29.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On April 3, 2017, Petitioner filed an application for attorneys' fees and costs.  Petitioner requested attorneys' fees in the amount of $21,513.00 and attorneys' costs in the amount of $1,340.54.  *See* Petitioner's Application at 1, ECF No. 32.  Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (Apr. 19, 2017), ECF No. 35.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 3.  Petitioner did not file a reply thereafter.

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable.  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs.  **Accordingly, the undersigned hereby awards the amount of $22,853.54,[3] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, John R. Howie, Jr., of Howie Law, P.C.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).